STEELE vs. DUNHAM and another.

| 26 | 393 |
| 82 | 333 |

| 26 | 393 |
| 100 | 262 |

| 26 | 393 |
| 112 | ² 88 |
| 55 LRA | 959 |

TOWN BOARD OF EQUALIZATION : *Have jurisdiction to increase assessor's valuation.—Must do it on sworn evidence.—Not liable to civil action for illegal, malicious or corrupt conduct therein.*

1. A town board of equalization or review, in determining the value of land within their town, are acting upon a subject within their jurisdiction ; and if they increase the assessor's valuation without examining any person upon oath in relation thereto, they merely act erroneously and contrary to law.
2. In making such decisions, the members of such a board act judicially, and are, therefore, not liable in a civil (but only in a criminal) action for illegal, malicious or corrupt conduct therein.

APPEAL from the Circuit Court for *Fond du Lac* County.

In 1869, *Dunham* was clerk, and his co-defendant, *Fredericks*, was chairman of the board of supervisors of the town of Eldorado in said county, and the plaintiff was owner of real estate in said town. The complaint in this action (which was commenced in a justice's court) alleges that the defendants, at said town, on the 28th of June of that year, without authority, wrongfully, and with intent to injure and oppress said plaintiff, and to make the assessment of

his said real estate disproportionate in value to the other real estate in said town, and greater than its real value, under the pretense that they were acting as members of the board of review of said town, erased from the assessment roll thereof the value of said real estate as inserted therein by the assessor of said town, and inserted in place thereof a value greater by the sum of one thousand dollars, and greater by that sum than the actual value; and also, with like intent, without authority and wrongfully, altered the value of the real estate of several other persons named, and of other real estate owners in said town, to an amount much lower than that fixed by the assessor, and much lower than the actual value. It further alleges that *Dunham*, with intent to carry out the purpose aforesaid, as clerk of said town, from the assessment roll altered as aforesaid, and without the assessor's oath annexed thereto as required by statute, made out a tax roll of the town containing descriptions of the real estate of the plaintiff and of the other owners aforesaid, and with the values thereof as fixed by the defendants, and carried out thereon the taxes to be raised by the town for the year 1869, and that he delivered the same, with the usual warrant attached, to the town treasurer, who collected from the plaintiff, against his protest, the full amount of tax assessed against him on the roll, to his damage, $100; for which judgment is demanded.

Answer, a general denial. On the trial, defendants objected to the introduction of any testimony, on the ground that the complaint did not state a cause of action. The objection was overruled, and a verdict found and judgment rendered against them; and they appealed to the circuit court. That court held that they were not liable to such an action, and dismissed the complaint. From this judgment the plaintiff appealed.

*A. M. Blair*, for appellant:

1. The board of review had no power to alter the valuation of property as was done in this case. Laws of 1868, ch. 130, secs. 24, 25. 2. Assessors or other officers doing an act without authority, by which an individual suffers damage, are liable. *Prosser v. Secor*, 5 Barb., 607 ; *Weaver v. Devendorf*, 3 Denio, 117 ; *Osgood v. Blake*, 1 Fost. 550 ; *Osgood v. Clark*, 6 id. 307 ; *Perry v. Buss*, 15 N. H. 222 ; *Bassett v. Porter*, 10 Cush. 418. 3. Inferior officers, though acting judicially, are liable (while judges of the higher courts are not), if they act maliciously. *Gregory v. Brown*, 4 Bibb. 28 ; *State v. Campbell*, 2 Tyler, 177. A justice of the peace has been held liable for maliciously refusing an appeal. *Hardison v. Jordan*, Cam. & Nor. 454.

*Gerrit J. Thorn*, for respondent :

1. When a public officer is required to act in a certain case according to the best of his judgment, he is not liable to a party for any omission or mistake of judgment, if he acts without fraud or malice. *Seaman v. Patten*, 2 Caines' R. 311 ; *Wilson v. Mayor*, 1 Denio, 595. 2. No public officer is responsible for judicial determinations. The determination of defendants and their acts as members of the town board of review, were judicial. *Weaver v. Devendorf*, 3 Denio, 117 ; *Vail v. Owen*, 19 Barb., 22 ; *Brown v. Smith*, 24 id. 419 ; *Bell v. Pierce*, 48 id. 51. The case of *Prosser v. Secor*, 5 Barb. 607, has been overruled in the court of appeals. 8 Abb. Dig. " Cases Criticised," etc.

CoLE, J. The counsel for the plaintiff does not claim that this action was brought to recover damages given by section 34, chap. 130, Laws of 1868, for a refusal or willful neglect to perform duties imposed upon the defendants by the provisions of that statute. The complaint is, not that the defendants have willfully neglected to perform their duties, whereby the plaintiff has been injured, but that, in

the discharge of the duties imposed upon them as a board of review, they acted "without authority, wrongfully, and with intent to injure and oppress" the plaintiff by increasing the value of his property on the assessment roll above its true value, and to a greater amount than that placed upon it by the assessor. We need not, therefore, consider the question whether section 34 was intended to, or could by possibility, apply to a case like the one before us. It is sufficient to say that the plaintiff does not profess to bring his action under that section. But he claims that the defendants are personally liable in a civil action to a party injured, if, while acting as an equalizing board or board of review, under sections 24 and 25 of chapter 130, they increase the valuation of property made by the assessor, without proof, and with the corrupt intent to injure and oppress, as alleged in the complaint. On the other hand it is insisted, that the defendants are not reponsible for these acts, because, while acting as members of the board of review, they perform duties and exercise functions judicial in their character.

That the duties imposed upon the board by these sections are judicial in their nature, as opposed to mere ministerial acts, seems to us very plain. The board, under their official oaths, are required to carefully review and examine the assessment rolls made by the assessors, and sworn statements made by others, and all valuations of real and personal property; also to hear and examine any person upon oath who may appear before them in relation to the assessment of any property upon the roll; and if it appear that any property has been valued too high or too low, they are to increase or lessen the same to the true valuation according to the rules for valuing property prescribed by the act. The performance of these duties would seem to be a judicial act in the strictest sense. The board has to hear testimony; to ascertain facts; to

correct errors, and arrive at results, according very much to the proceedings and processes of courts in the determination of causes; and hence they act judicially. This being so, it is very obvious that they ought not to be held liable for any mere errors or mistakes of judgment while performing these duties. The same principle of immunity which exempts from all liability a magistrate while acting judicially upon a subject within his jurisdiction, even though he acts illegally, ought to extend to them. Upon this point I have no doubt. But I am not so clear upon the question whether they ought not to be held personally liable when they act maliciously and corruptly. But even in that case my brethren think that, upon grounds of public policy, they ought not to be responsible in a civil action ; and I defer to their judgment. Most cogent reasons can doubtless be rendered in support of this view of the question. The duties which these officers are called upon to perform are frequently most difficult, delicate and embarrassing. The public interests require that all property not exempt should be assessed at its true value for taxation. But many persons will resort to any expedient to prevent all their taxable property from being assessed, or, if assessed at all, from being assessed at its true valuation. They will deceive assessors, and intimidate and overawe boards of equalization, if possible. If they cannot carry their points, they are very likely to charge that the officers are acting from personal spite and corrupt motives. And it is unquestionably true, that many timid officers would be deterred by such persons from a proper discharge of the duties imposed upon them by this statute, if they were held liable in any case to a civil action. The bare fact that they might be harrassed by a law suit would in many cases lead them to yield to demands which were unreasonable, and which they ought to resist to the utmost. And hence there are the strongest considerations, on

grounds of public policy, for holding that these officers, while performing the duties imposed upon them by this law as a board of review, and while acting within their jurisdiction, are not liable to a civil action in any case. The authorities are not in harmony upon this question; but it is believed that the better rule is that stated so clearly by BEARDSLEY, J., in *Weaver v. Devendorf*, 3 Denio, 117–120, " that no public officer is responsible in a civil suit for a judicial. determination, however erroneous it may be, and however malicious the motive which produced it. Such acts, when corrupt, may be punished criminally; but the law will not allow malice and corruption to be charged in a civil suit against such an officer for what he does in the performance of a judicial duty. The rule extends to judges from the highest to the lowest, to jurors, and to all public officers, whatever name they may bear, in the exercise of judicial power." See also *Barhyte v. Shepherd*, 35 N. Y. 238. There is certainly no particular hardship in this rule, in view of the decisions in *Lefferts v. Supervisors, etc.*, 21 Wis. Appendix A.; *Matheson v. Town of Mazomanie*, 21 id. 191; and *Phillips v. City of Stevens' Point*, 25 id. 594. In the former case it was held, that equity would restrain the collection of a tax upon land where the taxing officers had fraudulently discriminated in the assessment with the intention of compelling the owner to pay more than his just proportion of taxes. In the other two cases it was held, that where the taxing officers illegally increased the valuation of property, and the tax-payer paid his taxes under protest, he might recover such parts of the illegal taxes as had gone into the hands of the treasurer, for the use of the town or city. This affords the injured party a full and ample remedy where the taxing officers act illegally, or maliciously and corruptly, without giving him a personal action against them. And as the objections on grounds of public policy are

so weighty against giving him a civil action against them, we have concluded to confine him to those modes of redress in such cases.

In this case there is no doubt that the board of review had jurisdiction of the particular matter upon which they assumed to act. The plaintiff was a resident of the town of Eldorado, and his land was situated within its limits. It may be very true that they had no authority to change the valuation of the plaintiff's land, except upon proof by the examination of persons under oath, as pointed out by section 25. *Phillips v. City of Stevens' Point, supra.* But this was only an error of judgment upon a question of law. They were acting within their jurisdiction, but acting erroneously and contrary to law.

Upon the whole case, we are of the opinion that the judgment of the circuit court must be affirmed, on the ground that the complaint states no cause of action.

*By the Court.*—Judgment affirmed.