FATH, Respondent, vs. KOEPPEL, Appellant.

*September 19 — October 9, 1888.*

*Inspection of fish: Judicial power: Liability.*

The powers and duties of a fish inspector to inspect fish offered for sale in a city and to destroy all such as are unwholesome and unsuitable to be eaten, are judicial in their nature; and he cannot be held liable for the careless, improper, or erroneous performance of such duties.

APPEAL from the Superior Court of *Milwaukee* County. The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Eugene S. Elliott.* He contended that plaintiff can claim the protection of judicial privilege. *Steele v. Dunham,* 26 Wis. 393–398; Broom's Leg. Max. 90, 91; Shearman & Redf. on Neg. sec. 163; *Druecker v. Salomon,* 21 Wis. 621–630. The following officers have been held entitled to the protection of such privilege: A board of health in deciding that certain brush in a public river on which oysters were growing was a source of disease. *Raymond v. Fish,* 51 Conn. 80. An inspector of provisions in condemning beef as unmerchantable. *Seaman v. Patten,* 2 Caines, 312. A board of pilot commissioners. *Downer v. Lent,* 6 Cal. 94. Assessors in deciding the question of residence with reference to taxation. *Brown v. Smith,* 24 Barb. 419. Likewise.

in fixing the value of taxable property. *Weaver v. Deven-dorf*, 3 Denio, 117. And in determining what property is subject to, and what exempt from, taxation. *Barhyte v. Shepherd*, 35 N. Y. 238; *Williams v. Weaver*, 75 id. 30; *Buffalo & S. L. R. Co. v. Supervisors*, 48 id. 93. A town board of equalization or review in determining the value of land within their town. *Steele v. Dunham*, 26 Wis. 393. A board of registration of voters in passing upon the right of a party to be registered or not. *Fausler v. Parsons*, 6 W. Va. 486. Inspectors of election in passing upon the qualifications of a person offering to vote. *Byrne v. State*, 12 Wis. 519; *Chrisman v. Bruce*, 1 Duv. 63; *Morgan v. Dudley*, 18 B. Mon. 711; *Elbin v. Wilson*, 33 Md. 135. A superintending school committee relative to the expulsion of pupils. *Donahoe v. Richards*, 38 Me. 379. A board of school directors in deciding upon the removal of a teacher. *Burton v. Fulton*, 49 Pa. St. 151. A county superintendent of schools in granting or refusing license to teach. *Elmore v. Overton*, 104 Ind. 548. Members of a township board auditing claims against the township. *Wall v. Trumbull*, 16 Mich. 228. A board of county commissioners in deciding upon an application for a permit to sell liquors. *State ex rel. Reynolds v. Board of Comm'rs*, 45 Ind. 501. A justice of the peace in refusing to set off one judgment against another rendered before him. *Keeler v. Woodward*, 3 Pin. 306. A governor in enforcing the draft. *Druecker v. Salomon*, 21 Wis. 621. A road supervisor acting within the scope of his authority. *McOsker v. Burrell*, 55 Ind. 425. Officers of a town in locating and constructing a ditch. *Smith v. Gould*, 61 Wis. 31.

*John C. Ludwig*, for the respondent, cited Story on Agency (9th ed.), 393–4; *Druecker v. Salomon*, 21 Wis. 621; *Bailey v. Ragatz*, 50 id. 554; Cooley on Torts, 390; *Hayes v. Porter*, 22 Me. 371; *Nickerson v. Thompson*, 33 id. 433; *Tardos v. Bozant*, 1 La. Ann. 199; *McCord v. High*, 24 Iowa, 336.

ORTON, J.   The material allegations of the complaint are:
(1) The plaintiff is a dealer in fruits and fish in the city of
Milwaukee.   (2) The defendant was and is the duly-ap-
pointed meat inspector of said city, and it was his duty to
carefully inspect all fish offered for sale in the markets of
said city, and to destroy all such fish as are unwholesome
and unsuitable to be eaten by man.   (3) While he was so
acting as meat inspector he was and is an unfit and unsuit-
able person, and wholly incompetent to inspect fish and to
judge whether they are fit to be eaten, and he well knew
his unfitness for that position and to inspect fish and to
judge whether they are fit to be eaten.   (4) While he was
so acting he so negligently, ignorantly, and carelessly per-
formed his duties as such inspector that he did, without any
reason or cause, destroy and make unfit for sale a large
quantity of good and fresh fish, offered for sale by the
plaintiff at a public market in said city.   By reason of the
premises, the plaintiff suffered damages.   A general de-
murrer to the complaint was overruled, and the defendant
appealed.

The complaint does not state a cause of action against the
defendant as meat or fish inspector of the city of Milwaukee,
and the demurrer should have been sustained.   The plaint-
iff, at least, is bound by the allegations of his complaint;
and we must take it for granted that there is such an office
as fish inspector, and that the defendant was such an
officer, with the duties and authority to inspect fish and
judge whether they are fit to be eaten, and to destroy such
as are unwholesome, as alleged in the complaint.   To sus-
tain the complaint the learned counsel of the respondent
cites sec. 6, ch. 470, Laws of 1885, an amendment to the
charter of said city, to show that the defendant had no
authority to *judge* whether or not any meat or fish, etc.,
is dangerous to health, and whether the same shall be
destroyed or buried, and that such duties and authority are

conferred only upon the commissioner of health of said city, and that said commissioner had no authority to delegate such *judicial or discretionary power* to the defendant or to any one. This may be so, but the complaint presents no such case. The defendant is made the person to inspect fish and to judge whether they are fit to be eaten, and to destroy them if unfit; and if the contention now is that he was not so acting as fish inspector he eliminates from his complaint every allegation that would give the defendant any power to either condemn or destroy the plaintiff's fish, or to injure him in any way. The argument of the learned counsel would make the defendant a mere nominal inspector, and of course inspection alone could not injure any one. He admits away his case when he cites the provision of the charter which creates the office with such judicial or discretionary power as to inspect, judge of their quality, condemn, and destroy fish offered for sale in market, and admits that such power is so *judicial* and *discretionary* that it cannot be delegated to another; for it is alleged in the complaint that the defendant was the " duly-appointed fish inspector of the city, and that it became his duty to carefully inspect fish, and to destroy all such fish as are unwholesome and unsuitable to be eaten; " and his liability in the action depends upon his being "an unfit and unsuitable person, and wholly incompetent to inspect fish and to judge whether they are fit to be eaten," and upon his knowing his unfitness for that position "and to inspect fish and *judge* whether they are fit to be eaten," and upon his negligently, ignorantly, and carelessly performing such duties as fish inspector. We fully agree with the learned counsel that these are *judicial* duties and powers, and cannot be delegated; and it follows that the defendant cannot be held liable for the careless, improper, or erroneous performance of such duties, or exercise of such judicial powers, acting within his jurisdiction as fish inspector.

The powers conferred on the defendant by law, according to the complaint, are plainly and clearly judicial, and of great importance. He is vested with power to determine the quality and healthfulness of fish in market, and, if unwholesome or unfit to be eaten, to condemn and destroy them. This is a high and responsible judicial power, as it concerns the public health, and as it may affect the rights of property; and the officer exercising such a power is within the protection of that principle, that a judicial officer is not responsible in an action for damages to any one for any judgment he may render, however erroneously, negligently, ignorantly, corruptly, or maliciously he may act in rendering it, if he act within his jurisdiction. This principle is stated and given force in *Steele v. Dunham*, 26 Wis. 393, by the present chief justice, to shield from liability members of an equalizing board or board of review of assessments, who are charged with liability for damages to the plaintiff for corruptly and oppressively increasing the valuation of certain property without proof. Much more should this principle protect from actions for private damages an inspector of fruits and meats, acting in the interest of the public health. This principle protects all officers exercising judicial powers, whatever they may be called. It is "a judicial privilege," and has "a deep root in the common law," and found " asserted in the earliest judicial records, and it has been steadily maintained by an undisturbed current of decisions." *Yates v. Lansing*, 5 Johns. 291. It is a *discretionary* authority, where the determination partakes of the character of a judicial decision. *Druecker v. Salomon*, 21 Wis. 621; *Salem v. E. R. Co.* 98 Mass. 431. It has application to a board of health *(Raymond v. Fish*, 51 Conn. 80); and to an inspector of provisions *(Seaman v. Patten*, 2 Caines, 312); and to a board of pilot commissioners *(Downer v. Lent*, 6 Cal. 94). The learned counsel of the appellant has collated these and many more cases, closely in point, in his

excellent brief on this question. But this principle is so elementary, and so well established in all like cases, that reference to any further authorities is unnecessary. The complaint most clearly ranks the defendant as a judicial officer, and places him under the protection of this principle, and it therefore fails to state a cause of action against him.

*By the Court.*— The order of the superior court is reversed, and the cause remanded for further proceedings according to law.

