D. D. STEVENS, Appellant, v. CHARLES D. CARROLL, Appellee.

**Taxation:** OMITTED PROPERTY: PAYMENT: RECOVERY BACK.   An ap-
1  peal from the action of a county treasurer in assessing omitted property is the exclusive remedy for one aggrieved thereby; he cannot pay the same under protest and recover it back in an independent action on the ground that the same was wrongfully exacted.

**Same.**   A county treasurer in listing and assessing omitted prop-
2  erty, acts in a *quasi* judicial capacity, and a civil action for damages for his alleged wrongful act in making the assessment will not lie.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, JULY 12, 1905.

Rehearing denied Friday, April 27, 1906.

THE opinion states the case.— *Affirmed.*

*D. D. Stevens,* for appellant.

*Voris & Haas,* for appellee.

WEAVER, J.— In the year 1903 one Mrs. E. F. A. Stevens was, and for some time had been, a resident of Linn county, Iowa. In July of the year mentioned, the defendant herein, being the then county treasurer of Linn county, claiming that Mrs. Stevens was chargeable with certain taxes upon property, moneys, and credits which had been omitted from assessment, proceeded to list said property, and assess thereon taxes for the years 1901 and 1902, to the amount of $338.55. On August 6, 1903, Mrs. Stevens paid said taxes, making at the same time a written protest that she had already paid her taxes in full for the years named, and that the assessment of additional taxes by the treasurer was unwarranted and oppressive. Thereafter the plaintiff herein took a written assignment of the claim of Mrs. Stevens, and instituted this action at law to recover as damages the amount of money so paid by her, with interest. The petition alleges the facts above stated, and avers that defendant, in making the assessment and the collection of said tax, acted " unlawfully, willfully, maliciously, oppressively, and tortiously." The defendant demurred to the petition, on the ground (stated in substance) that the petition shows upon its face that he was acting within the forms of the law in such cases made and provided, and, if for any reason the assessment made by him was unjust or unauthorized, the remedy of Mrs. Stevens was by appeal, and that, having voluntarily waived her right of appeal and paid the tax, she cannot recover the money in a collateral or independent proceeding. The district court having sustained the demurrer the plaintiff appeals.

The· appellant concedes that notice of the proposed assessment was duly served upon Mrs. Stevens, and that she appeared before the treasurer at the time and place designated and objected to the assessment, but never appealed therefrom, nor instituted any direct proceeding to have the same vacated or set aside. He insists, however, that, as his petition alleges the

1. TAXATION: omitted property: payment: recovery back.

conduct of the treasurer to have been "oppressive, tortious, and corrupt," it states a good cause of action for the recovery of damages to the extent of the taxes thus collected, notwithstanding the failure to appeal. With this contention we are unable to agree. The treasurer acted strictly within the scope of his statutory power. See Code, sections 1373, 1374, and Acts 28th Gen. Assembly, page 33, chapter 50. If it be true that the property upon which he was claiming taxes had already been properly listed and assessed, or if the taxes thereon had already been paid, that fact constituted a perfect defense to the demand, and Mrs. Stevens' rights in the premises could have been established and effectually protected by appeal to the district court. Such is the remedy which the Legislature has specially provided for this class of cases, and it must be regarded as exclusive. *Crawford v. Polk Co.,* 112 Iowa, 118; *Nugent v. Bates,* 51 Iowa, 77; *Harris v. Fremont,* 63 Iowa, 639.

Nor is this rule to be affected by alleging that the treasurer or other officer acting within the scope of his authority is prompted by willful, malicious, or corrupt motive.

2. SAME.     The only damage which the plaintiff's assignor is alleged to have suffered is in the amount of the tax she paid. That tax was levied only after due notice and after appearance thereto upon her part, and by failing to appeal she is conclusively presumed to acquiesce in the assessment made by the treasurer as correct. See our decisions above cited, and the other cases therein mentioned. Moreover, the treasurer, in considering the objections of the taxpayer in such proceedings, and determining the liability of the property to the claim for taxes, acts in a judicial or quasi judicial capacity, and a civil action for damages on account thereof will not lie. Directly in point, see *Steele v. Dunham,* 26 Wis. 393; *Yates v. Lansing,* 5 Johns. 291; *Jones v. Brown,* 54 Iowa, 78; *Weaver v. Devendorf,* 3 Denio, 117; *Stewart v. Case,* 53 Minn. 62 (54 N. W. 938, 39 Am. St. Rep. 575).

Appellant endeavors to avoid this point by insisting that, as the petition alleges that the property of Mrs. Stevens had already been listed and assessed for taxation, it follows therefrom that the treasurer, in assuming to list or assess it again, acted beyond his jurisdiction, and is therefore not entitled to the benefit of the rule to which we have above adverted. But this cannot be correct. His right to act does not depend upon the fact that the property has been omitted from taxation, for that is the very question he is empowered to decide. He does not enter upon the investigation upon peril of being held liable as a trespasser or wrongdoer if it should be proven that the property has already been duly listed. The claim, upon the one hand, that the property has been omitted from taxation, and the denial of that claim upon the other, raise an issue which he is authorized to try, and his judgment or decision thereon, whether right or wrong, is clearly within his jurisdiction, and does not expose him to civil liability at the suit of the property owner.

It should also be said that, while the petition alleges in a general way that Mrs. Stevens had paid the taxes upon her property for the years in question, it does not allege that such taxes were paid to the defendant or to Linn county, and it goes without saying that the listing and taxation of the moneys and credits in another jurisdiction would not necessarily affect the liability of the owner thereof to pay the tax here in controversy.

The ruling upon the demurrer was correct, and the judgment appealed from is *affirmed*.