## S. J. MELADY, DOING BUSINESS AS MELADY CATTLE CO. v. SOUTH ST. PAUL LIVE STOCK EXCHANGE.[1]

April 11, 1919.

No. 21,132.

**Appeal and error — denial of new trial — no review of order not appealed from.**

1. The question of whether the court erred in striking out portions of a pleading, will not be considered on appeal from an order denying a new trial, the pleading having been amended and no appeal having been taken from the former order.

**Live stock exchange — judicial authority of directors investigating charges against member.**

2. The board of directors of a live stock exchange incorporated pursuant to the provisions of chapter 138, Laws of Minnesota for 1883, when acting upon charges against a member of the exchange, are protected by the rule that an action for damages does not lie against one whose acts, however erroneous they may have been, were done in the exercise of judicial authority clearly conferred, no matter by what motives they may have been prompted.

**Liability of corporation for tort — respondeat superior.**

3. When it is sought to hold a corporation for tort, the doctrine of respondeat superior applies. If the acts of the board of directors of a live stock exchange, in finding a member guilty of uncommercial conduct, fining him therefor, and suspending him from membership for nonpayment of the fine, did not give rise to a cause of action by such member against them individually or collectively, there is no foundation for an action against the exchange based on an allegation that the fine and suspension were solely due to malice on its part.

[1]Reported in 171 N. W. 806.

Action to recover $15,000 damages for suspension from membership in defendant live stock exchange. The facts are stated in the opinion. The case came on for trial before Dickson, J., who granted defendant's motion for judgment on the pleadings. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Thomas C. Daggett,* for appellant.

*Moore, Oppenheimer & Peterson,* for respondent.

LEES, C.

This is an action for damages for the alleged wrongful suspension of plaintiff from membership in the South St. Paul Live Stock Exchange. The trial court ordered judgment for defendant on the pleadings, and plaintiff appeals from an order denying a new trial. The pleadings before us for consideration consist of an amended complaint and the answer and reply. A motion to strike out portions of the original complaint was granted, but the order of the court in that respect was not appealed from.

The complaint alleged that defendant was incorporated under the provisions of Laws 1883, p. 193, c. 138, relating to chambers of commerce and boards of trade; that it had adopted a rule under which it attempts to exercise judicial functions through its board of directors, and that it asserts that it has the right to fine and suspend its members and prohibit dealings with them while suspended. It is alleged that plaintiff was a member against whom charges of uncommercial conduct were preferred by other members, and that, pursuant to notice, he appeared and presented evidence to show that the charges were unfounded, but that nevertheless the board of directors adopted a resolution finding him guilty and imposing a fine of $250; that, the fine not being paid, he was suspended from membership on July 12, 1917, but was reinstated the following day, and that notice of the action taken was given to all other members. It is alleged that, in finding him guilty, imposing the fine and suspending him from membership, defendant's action "was wanton, malicious and wilful, and * * * was taken by said board of directors without any just cause, and for the malicious purpose and intent of injuring and damaging plaintiff in his business reputation and standing."

The answer sets forth the rules by which defendant's board of directors are governed in investigating and passing upon charges made against a member. They are admitted by the reply. Plaintiff's counsel, in response to an inquiry made by the court in the course of the opening statement to the jury, admitted that the board had jurisdiction over the proceedings. Thereupon the court intimated that the action would not lie and defendant moved for judgment on the pleadings, with the result already stated.

1. Reference to the original complaint is made in appellant's brief. We are not at liberty to consider it, in view of the fact that no appeal was taken from the order striking out material portions thereof. Manwaring v. O'Brien, 75 Minn. 542, 78 N. W. 1; Lewis v. Denver & Rio Grande R. Co. 131 Minn. 122, 154 N. W. 945.

2. The statute under which defendant was incorporated empowered it to adjust controversies between individuals engaged in trade, and to settle matters submitted for arbitration. The chairman of its board of directors was authorized to administer oaths and cause subpoenas to be issued by the clerk of any court of record for the attendance of witnesses, and the board was authorized to make awards, which may be filed in the office of the clerk of the district court, and upon which the prevailing party may apply to the court for an order confirming the award and directing the entry of judgment thereon. For breach of its rules, a fine may be imposed upon a member with suspension from membership until it is paid.

We think the board of directors of a corporation organized under this statute, when acting upon charges preferred against a member, is a quasi-judicial tribunal, and that the directors, individually and collectively, when so acting, are protected by the rule, that a civil action for damages does not lie against one whose acts, however erroneous they may have been, were done in the exercise of judicial authority clearly conferred, no matter by what motives such acts may have been prompted. This rule has always applied to judges of courts of general jurisdiction. Stewart v. Cooley, 23 Minn. 347, 23 Am. Rep. 690; Murray v. Mills, 56 Minn. 75, 57 N. W. 324; Bradley v. Fisher, 13 Wall. 335, 20 L. ed. 646; Pratt v. Gardner, 2 Cush. 63, 48 Am. Dec. 642. It applies to arbitrators: Hoosac, etc., Co. v. O'Brien, 137 Mass. 424, 50 Am. Rep. 323;

Jones v. Brown, 54 Iowa, 74, 6 N. W. 140, 37 Am. Rep. 185; and extends generally to all those whose acts are of a quasi-judicial nature. Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 Am. St. 575; Fath v. Koeppel, 72 Wis. 289, 39 N. W. 539, 7 Am. St. 867; Stevens v. Carroll, 130 Iowa, 463, 104 N. W. 433; Downer v. Lent, 6 Cal. 94, 65 Am. Dec. 489.

The reasons justifying the rule have been frequently stated. It is not because of any special tenderness for judges or for those who exercise quasi-judicial functions, that the rule was evolved. It early became deeply rooted in the common law out of considerations of public policy. Any man called upon to serve in a judicial capacity ought to feel free to act on his own convictions, uninfluenced by the fear of consequences personal to himself. No man would willingly serve as a juror or feel free to render an unpopular verdict, if he might be sued for damages by the party against whom the verdict was found on the plea that personal ill will or malice led to it. The protection afforded by the rule ought not to be confined to those having to do with the trial and decision of lawsuits only, but should be extended to all to whom the law or the agreement of the parties, commits the exercise of authority of an essentially judicial nature. When one of the purposes of an incorporated association is to arbitrate controversies between its members, the board or committee of arbitration is a quasi-judicial body within the spirit of the rule. Evans v. Chamber of Commerce, 86 Minn. 448, 91 N. W. 8, Ryan v. Cudahy, 157 Ill. 108, 41 N. E. 760, 49 L.R.A. 353, 48 Am. St. 305. In the case at bar, it was the duty of defendant's board of directors to hear and decide upon the charges made against plaintiff. Their authority to act cannot be gainsaid. Plaintiff recognized it and appeared and submitted his evidence. The decision was against him and he attributes it to malice. He has not sued the directors individually for their alleged malicious acts, but sues the exchange, which neither made the charges, prosecuted them, nor rendered the decision of which he complains.

Under the rule referred to, it is clear that this action could not have been maintained against the directors individually. Can he then maintain it against the corporation itself?

When it is sought to hold a corporation for a tort, the doctrine of

respondeat superior applies. McCord v. Western Union Tel. Co. 39 Minn. 181, 39 N. W. 315, 1 L.R.A. 143, 12 Am. St. 636; Minneapolis Trust Co. v. Menage, 73 Minn. 441, 449, 76 N. W. 195; Roemer v. Jacob Schmidt Brewing Co. 132 Minn. 399, 157 N. W. 640, L.R.A. 1916E, 771. By legal intendment, the act of an agent within the scope of his agency is the act of his principal. There is a legal identification of the principal and agent, and the former is liable for the tortious act of the latter, because, in the eyes of the law, the act was really done by him, though in fact he may not have participated in it at all. The agent is himself liable for his own active wrong, while the principal is liable because the law attributes to him the act of his agent, with the result that both are liable jointly and severally to the person injured by the wrongful act. 1 Cooley, Torts, pp. 243, 252. See Mayberry v. Northern Pac. Ry. Co. 100 Minn. 79, 110 N. W. 356, 12 L.R.A. (N.S.) 675, 110 Ann. Cas. 754.

It is difficult to perceive any theory upon which liability on the part of defendant may be attributed to it because of the acts of its directors, if such acts did not make them liable individually. By holding that the directors are immune under the doctrine adverted to, we destroy the foundation upon which to base a cause of action against defendant itself, solely because of such acts.

Appellant's counsel has cited Albers v. Merchants' Exchange, 138 Mo. 140, as the only case he has found supporting the alleged right of recovery here. The case is not in point. There the plaintiff violated a rule of the exchange against smoking during business hours. He repeatedly challenged the directors to prosecute him, and finally the floor manager signed a written complaint upon which he was tried, fined and suspended for refusing to pay the fine. The directors began and conducted the prosecution and decided it as well. The court said that, if the expulsion of plaintiff was wilful and malicious, an action would lie if it was proved that defendants (who were the directors and the corporation) instituted and prosecuted the proceedings without probable cause. It is evident that what the court had in mind was a recovery on the ground of malicious prosecution. Here the complaint was neither made nor prosecuted by the directors. The only action they took consisted in deciding that the charges against plaintiff, which were made by

other members, were true. It is the decision that is alleged to have been given wilfully and maliciously. This is something entirely different from maliciously beginning and conducting the prosecution which terminated in the decision.

Plaintiff's counsel earnestly insists that the law affords a remedy for every wrong, and that, if the remedy sought in this action is denied, his client's wrongs must be endured without hope of redress. We think the case is not one where there is no legal remedy for an alleged wrong, but rather one where the party complaining has sought the wrong remedy. The relief which a member of a commercial exchange, against whom fellow members have made false charges and instituted a prosecution through malice and without probable cause, is entitled to obtain is pointed out and thoroughly considered in Albers v. Merchants' Exchange, supra, and in Lurman v. Jarvie, 81 N. Y. Supp. 468, affirmed without opinion in 178 N. Y. 559, 70 N. E. 1102.

Order affirmed.