## J. R. POWERS v. AMERICAN TRAFFIC SIGNAL CORPORATION AND ANOTHER.[1]

May 21, 1926.

No. 25,303.

**Evidence justified verdict against defendants.**

1. The evidence justified the jury in finding that defendants agreed to employ plaintiff without intending to keep the agreement and merely as a fraudulent scheme to induce plaintiff to purchase shares of stock in the defendant corporation.

**Parties to the fraud liable.**

2. The action was in tort and whoever participated in the tort or fraud is liable.

[1]Reported in 209 N. W. 16.

**Error in charge not available to appellants on the record.**
> 3. The technical error in the charge is not available to appellants upon this record.

> Appeal and Error, 3 C. J. p. 919 n. 34; 4 C. J. p. 720 n. 54 New.
> Fraud, 27 C. J. p. 10 n. 75 New; p. 16 n. 20; p. 68 n. 25.

Action in the municipal court of Minneapolis. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*Joss, Ohman, Fryberger & Parker,* for appellants.
*George T. Simpson,* for respondent.

HOLT, J.

Defendants appeal from the judgment rendered in favor of plaintiff.

The action was brought to recover damages for fraud in the sale of shares of stock in the defendant corporation. The other defendant was the president of the corporation and the one who conducted the deal. It appears that a contract for the sale of the stock was drawn and $850 deposited in escrow in a bank, to be turned over in payment of shares of the par value of $1,000, if plaintiff, after having made a trip into Canadian territory, satisfied himself that there was a favorable opening for the business the corporation was to conduct therein under its patent rights. If the sale was consummated the expense of plaintiff for the trip, estimated at $150, was to be allowed as a payment upon the stock. The contract was carefully drawn by an attorney who apparently sought to protect the rights of both seller and buyer, but who unfortunately was not informed by either party of a contract of employment between the corporation and plaintiff which was the inducement for the stock transaction. The employment contract therefore rested wholly in parol. Plaintiff's story was that it was to be at $50 per week and expenses and defendants' that it was to be $35. The difference in amounts is not the important part in the controversy, but the contention upon which recovery herein must rest is the one that defendants made

this contract of employment with no intention to keep it and simply as an inducement for making the sale of the stock and getting plaintiff's money. Plaintiff testified that he took the trip to Canada and while there, at defendants' request went to Buffalo and some eastern cities in the United States to promote the corporation's interests, and when he returned notified defendants that he was ready to close the purchase of the shares of stock. However, the corporation had in the meantime disposed of all its stock except $750 worth. But some arrangement was made by which that amount was accepted, $750 of plaintiff's money left in escrow was turned over to the corporation and the balance of the stock was to be thereafter delivered. As soon as that was done, plaintiff claims that defendants at once began to raise objections to his fitness for the employment agreed upon and in a day or two positively refused to employ him. Defendants' story is entirely different, claiming that plaintiff had an opening in California to sell the same article as contemplated in Canada, and wanted to get his money back to go there and refused to enter the employment of the defendant corporation. The jury accepted plaintiff's version as the true one.

If the employment was a mere scheme entered into by defendants without intending to keep the same and merely as an inducement to consummate the stock deal, there was actionable fraud. Holmes v. Wilkes, 130 Minn. 170, 153 N. W. 308. The evidence justified the jury in so finding. This disposes of the contention that there should have been judgment non obstante, even were defendants entitled to present that question, which they are not, for no motion for a directed verdict was made, except when plaintiff rested. The motion being denied, defendants introduced evidence in defense.

Error is assigned upon the refusal to dismiss as to defendant Griswold when plaintiff rested. The fraud, if any, was that perpetrated by Griswold, the one through whom the corporation conducted its business with plaintiff. This is a tort action and all who participated in the fraud are liable. Melady v. South St. P. L. S. Exch. 142 Minn. 194, 171 N. W. 806.

It was technically error for the court to instruct the jury that a verdict in any event must be returned for plaintiff for $150, his

expenses on the Canada trip. But defendants are not in position to successfully challenge that instruction, for this is part of the settled case: "After the testimony was closed and Court had adjourned for the night the Court stated to Mr. Fryberger: 'I do not understand how you expect to get out of paying $150.00', to which Mr. Fryberger replied, 'I have advised my client before this that they owe Powers $150.00' or words to that effect. When the foregoing remarks were made the Court had in mind the framing instructions." No exception was taken to the charge when given. The verdict was for $1,000, and the right to recover for the expenses to Canada could not have appeared less to the jurors than for any other item of damages included in the verdict, so it is not likely that defendants were prejudiced in the slightest degree by the instruction mentioned.

The judgment is affirmed.