FERGUSON v. FAIN et al.

·(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1914. Rehearing Denied March 7, 1914.)

1. JUSTICES OF THE PEACE (§ 135*) — EXECUTION—INJUNCTION—EVIDENCE.

In a suit to enjoin the enforcement of a justice's judgment on the ground that it was satisfied by the satisfaction of certain other judgments, which did not refer to the justice's judgment, it was not error to admit the pleadings in those suits to determine whether the issues therein involved the justice's judgment in question.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447, 749; Dec. Dig. § 135.*]

2. APPEAL AND ERROR (§ 1050*)—RULINGS ON EVIDENCE—PREJUDICE.

On an issue whether a certain justice's judgment had been satisfied, it was not prejudicial error to admit an execution issued on the judgment and returned unsatisfied; there being no contention that the judgment was paid at that time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—FORM.

Where assignments of error were not followed by statements, showing the numbers of the bills of exception or the pages where they could be found in the record, the only reference to the record being to the pages showing the assignments of error and appellant's mo-

tion for a new trial, the assignments were not presented as required by Court of Appeals rule 31 (142 S. W. xiii), and could not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1050*)—RULINGS ON EVIDENCE—PREJUDICE.

Where, in a suit to restrain the collection of a justice's judgment, plaintiff claimed that it had been satisfied by the satisfaction of other judgments recovered by defendant against him, and the attorney in such former suits for the judgment creditor testified that a settlement of the justice court judgment was not included in the prior agreement, plaintiff was not prejudiced by the admission of the witness' further opinion that the reason why the justice court judgment was not mentioned in the other judgments was that such judgments were not intended to cancel it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. TRIAL (§ 131*)—MISCONDUCT OF COUNSEL—ARGUMENT—OBJECTIONS.

An objection to remarks of counsel as a whole cannot be sustained, where some of the remarks objected to were proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 312–314; Dec. Dig. § 131.*]

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Suit by H. C. Ferguson against Mattie Fain and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 142 S. W. 1184.

H. C. Ferguson, of Lubbock, for appellant. Geo. M. Hopkins, of Denton, for appellees.

DUNKLIN, J. H. C. Ferguson instituted this suit against Mrs. Mattie Fain to restrain the levy of an execution issued upon a justice court judgment in Mrs. Fain's favor against the plaintiff. W. H. Flynn, the sheriff of Lubbock county, in whose hands the execution was placed, was also made a party defendant. The only basis alleged in the petition for the injunction was that the justice court judgment had been fully settled. The plea of payment consisted in allegations that two former suits in the district court of Denton county, one by Mrs. Mattie Fain against H. C. Ferguson, and the other by H. C. Ferguson against Mrs. Mattie Fain, had been settled by compromise judgments, and that one of the considerations for such compromise was an agreement by Mrs. Mattie Fain that the justice court judgment first mentioned should be fully satisfied.

[1] In the judgments rendered in the former suits, no mention is made of any satisfaction of the justice court judgment, and there was no error in admitting the pleadings in those suits for the purpose of determining the issues therein settled by the judgment.

[2] Nor was there prejudicial error in admitting in evidence an execution issued on the justice court judgment sought to be enjoined in this suit and returned unsatisfied,

─────────────────────────────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

as there was no contention that the judgment was paid at that time.

[3] The fifth, sixth, seventh, ninth, tenth, and eleventh assignments of error, complaining of the admission of certain evidence, cannot be considered for the reason that those assignments are not presented in compliance with rule 31 (142 S. W. xiii). No statements are made following the assignments showing the numbers of the bills of exception, nor the pages where they can be found in the record; the only reference to the record being to the pages showing the assignments of error and appellant's motion for a new trial, while some 17 pages of the transcript are devoted to copies of numerous bills of exception.

[4] Hon. E. C. Smith, attorney for Mrs. Fain in the former suits, testified in full relative to the agreement for compromise of those suits, and in effect stated that, according to his recollection, a settlement of the justice court judgment was not included in that agreement. Appellant urged an objection to a further statement contained in the deposition of that witness that in his opinion the reason why the justice court judgment was not mentioned in the former district court judgments was that the district court judgments were not intended to cancel the justice court judgment. The objection urged to this testimony was that the opinion of the witness was not admissible. If this ruling was error, it would not be cause for reversal under rule 62a (149 S. W. x), since it is altogether improbable that it added any weight to the testimony of the same witness already given as to his recollection of the facts.

[5] By other assignments of error complaint is made of certain remarks made by appellee's counsel in his argument to the jury. It appears from the bill of exception that some of the remarks by counsel, to which the objection was urged, were excluded by the trial judge at the time the objection was made. Appended to the bill of exception is a statement by the trial judge that certain other remarks shown in the bill of exception and indicated in parentheses were also excluded, but no such parenthetical marks are shown in the record, and hence we cannot determine the remarks to which such reference is made. However, some of the remarks contained in the bill of exception, such as that the levy of a former execution on appellant's homestead indicated that he had no property in Denton county subject to execution at the time of such levy, and further that appellant had since acquired considerable property, we think was warranted by the testimony, and, as appellant's objections were urged to the argument as a whole, there was no error in overruling the objection. The compromise judgments rendered in the former suits in the district court did not of themselves evidence satisfaction of the justice court judgment, and clearly there was no error in refusing appellant's requested peremptory instruction that those judgments were conclusive evidence of such a settlement. We are of the opinion, further, that the judgment rendered in this suit is amply supported by the evidence.

The judgment is affirmed.