HARRY C. LEWIS v. DENVER & RIO GRANDE RAILROAD COMPANY.[1]

November 12, 1915.

Nos. 19,415—(67).

**Federal Employer's Liability Act.**

1. In an action to recover for personal injuries under Federal Employer's Liability Act (35 St. 65), the defendant must be a common carrier by railroad and be at the time of the injury engaged in interstate commerce; the plaintiff must be employed by it in such commerce; and the injury must come to him from its negligence while employed by it in interstate commerce.

**Same — allegations of complaint.**

2. A complaint should allege ultimate and issuable facts and not conclusions of law or evidentiary facts; and, in a complaint based upon such act, it is sufficient to allege that the defendant is a railroad company engaged as a common carrier in interstate commerce; that the plaintiff was employed by the defendant in such commerce, and that he received his injury in connection therewith through the negligence of the defendant. Such allegations are not conclusions of law, and it is held error to refuse proffered proof in support of them.

**Appeal and error — motion for new trial — review of question of jurisdiction.**

3. Upon an appeal by the plaintiff from an order denying his motion for a new trial, the defendant cannot have reviewed an appealable order adverse to it made upon its motion to set aside the service of the summons for want of personal jurisdiction.

Action in the district court for Hennepin county to recover $30,000 for personal injuries received while in the employ of defendant and $750 for medical and surgical expenses. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Hall & Tautges,* for appellant.

*Cobb, Wheelwright & Dille, E. N. Clark* and *R. G. Lucas,* for respondent.

[1] Reported in 154 N. W. 945.

Note:—As to applicability and effect of Federal employers' liability act, including sufficiency of pleadings in action under act, see note in 47 L.R.A. (N.S.) 38; and L.R.A. 1915C, 47.

DIBELL, C.

Action to recover damages for personal injuries. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The complaint intends to state a cause of action under the Federal Employer's Liability Act. Evidence to prove that the situation was such as to put the plaintiff and the defendant within the provisions of the act was offered and refused, upon the ground that the complaint stated conclusions of law and not issuable facts. Upon this ruling error is predicated.

1. In an action to recover for personal injuries under the provisions of the Federal Employer's Liability Act of April 22, 1908 (35 St. 65), the defendant must be a common carrier by railroad and be at the time of the injury engaged in commerce between the states; the plaintiff must be employed by the defendant in such commerce when injured; and his injury must result from the negligence of the officers, agents or employees of the carrier, or from a negligent defect or insufficiency in its cars, engines, tracks, roadbed, etc.

2. A complaint should allege ultimate and issuable facts and not evidentiary facts, nor conclusions of law. Dunnell, Minn. Pl. (2d ed.) §§ 215-217.

The complaint alleged in words, substantially those of the statute, that the defendant was a railroad company engaged as a common carrier in interstate commerce, and that the plaintiff was employed by it therein, and that his injury arose while engaged therein from the negligence of the defendant in certain respects which are stated with sufficient definiteness. Upon the plaintiff's offer to prove facts showing the interstate character of the commerce then being carried on by the defendant, the employment of plaintiff therein, and his injury arising from the actionable negligence of the defendant while so employed, objection was made by the defendant to the proffered evidence upon the ground that the pleading stated a conclusion of law and not issuable facts. The objection was sustained and proper exception was taken. This ruling prevented the submission to the jury of any liability based upon the Federal Employer's Liability Act. The jury, upon the other issues submitted, found for the defendant.

We think the ruling of the court was error. The facts alleged were clearly ultimate facts and in no proper sense conclusions of law. Dunnell, Minn. Pl. (2d ed.) § 218, and cases cited. It was not necessary to allege the various facts which put in evidence would show the defendant was engaged in interstate commerce and the facts which would show the plaintiff was employed by it in such commerce at the time he received his injury. These were matters of evidence.

3. The defendant moved the court to set aside the service of the summons upon the ground that no personal jurisdiction was acquired, it being a foreign corporation not doing business in this state. The motion was denied. No appeal was taken. The defendant, respondent here, asks a review of that order upon the plaintiff's appeal from the order denying his motion for a new trial.

No statute authorizes the review, on plaintiff's motion for a new trial, at the instance of the defendant, of an order adverse to the defendant granted on the motion of the plaintiff. There is no practice authorizing it. Such a practice is illogical, and, while it might sometimes work well, it would often tend to confusion. The defendant has a remedy by appeal; and under our practice, in a proper case, may preserve his right to answer if defeated in his contention that the court is without personal jurisdiction. The case of Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705, holds no more than that a defendant may resist a motion for a new trial, made upon the ground that the damages are insufficient, by a successful showing that plaintiff had no cause of action upon the merits. We do not think it in point.

Order reversed.