FT. WORTH & R. G. RY. CO. v. BRYANT.*
(No. 8941.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1918. Rehearing Denied Jan. 18, 1919.)

1. DAMAGES ⬤⤳51—HUMILIATION—OBSCENE LANGUAGE HEARD BY ANOTHER.

Plaintiff is not entitled to damages against a railroad company for humiliation suffered by the use of obscene, vulgar, and profane language by men in the station agent's office, adjoining the waiting room, where the evidence shows that he was familiar with such language, was in the habit of swearing himself, and any feelings of humiliation suffered were caused solely by the fact that his minor daughter heard such language.

2. TRIAL ⬤⤳131(3)—MISCONDUCT OF COUNSEL —ARGUMENT—OVERRULING OBJECTION.

Where the argument of counsel was improper because on a matter of fact not in issue and not submitted to the jury, but was not objected to upon that ground, and was supported by some evidence and was not objectionable upon the ground stated, overruling the objection was not error.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by O. C. Bryant, for himself and on behalf of his minor child, against the Ft. Worth & Rio Grande Railway Company. From judgment for plaintiffs, defendant appeals. Reformed and affirmed.

Hickman & Bateman, of Dublin, and Theodore Mack, of Ft. Worth, for appellant.

R. L. Thompson, of Austin, and J. A. Johnson, of Stephenville, for appellee.

DUNKLIN, J. The Ft. Worth & Rio Grande Railway Company has appealed from a judgment in favor of O. C. Bryant, in his own behalf and as next friend for his minor child, ten years of age, for damages proximately caused by the negligence of the defendant in permitting the use of obscene and profane language by parties present in defendant's passenger depot in the town of Proctor while plaintiff and his child were there awaiting the arrival of a train upon which they later traveled to their home.

The proof showed that plaintiff and his child went to the station at about 1:30 o'clock on the morning of December 18, 1916, to take passage for their home in Stephenville, and that they waited there for the train about 25 minutes, that the night was cold, that after remaining in the waiting room a very short while plaintiff left it, and he and his child stood on the outside of the room by reason of obscene, vulgar, and profane language used by men who were in the station agent's office, adjoining the waiting room, with the agent, and who were intoxicated. Plaintiff left the room because he was unwilling for his child to hear such language, although she heard some of it before leaving.

It was alleged in plaintiff's petition that his daughter suffered humiliation in consequence of hearing the language used, and that, as a result of exposure to cold on the outside of the room, she was made ill and sustained physical suffering.

In answer to special issues, the jury sustained those allegations, and awarded damages therefor in the sum of $500. And after a careful review of the testimony we feel that we are unable to say that those findings have no sufficient support in the evidence as insisted in one of the assignments. And we are of the opinion, further, that the evidence was sufficient to support the jury's finding sustaining the allegation of negligence upon which the suit was predicated.

By other findings the jury also sustained plaintiff's allegations to the effect that he himself was also humiliated by the language complained of and allowed him damages therefor in the sum of $150.

[1] We sustain the assignment addressed to this finding, because plaintiff's own testimony shows that he was familiar with such language, was in the habit of swearing himself, and that any feelings of humiliation suffered by him were caused solely by the fact that his child heard such language and he believed it would cause her mental suffering. Telegraph Co. v. Cooper, 71 Tex. 512, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; 8 Ruling Case Law, p. 515.

[2] In his closing argument to the jury, counsel for plaintiff stated that the failure of defendant to have its depot lighted and warmed on the occasion in controversy was a penal offense under the laws of this state, and an assignment of error is predicated upon such remarks, to the use of which objection was made by defendant's counsel at the time and overruled by the court. The ground

of objection was that such failure was not made an issue by the pleadings and evidence, and that the remarks complained of were highly prejudicial to the defendant.

We find from the record that the failure to light and warm the waiting room, and that the room was cold, was expressly alleged in plaintiff's petition, and the allegation was supported by plaintiff's testimony. It is true that such failure by the defendant was not submitted to the jury in any of the issues, but that was not urged as a ground of the objection. Furthermore, according to plaintiff's testimony, he would have left the room and exposed his child to the cold, even though the room had been warm, because he was unwilling for his child to hear the objectionable language referred to; but that fact was not urged as a ground of the objection to the remarks of plaintiff's counsel.

While the argument was improper for the reasons just noted, yet, in view of the failure of defendant's counsel to point out those reasons to the trial judge in his objection, we think the assignment now under discussion should be overruled.

For the reasons noted, the judgment is so reformed as to eliminate therefrom the recovery by plaintiff in his own right for $150; but in all other respects it is affirmed. Costs of appeal are taxed against appellee, O. C. Bryant.

Reformed and affirmed.