**WILLIAMS v. MERCHANTS FAST MOTOR LINES, Inc.**

No. 2689.

Court of Civil Appeals of Texas. Eastland.

Oct. 22, 1948.

Rehearing Denied Nov. 5, 1948.

Thomas L. Blanton, of Albany, for appellant.

Wagstaff, Harwell, Wagstaff & Alvis, of Abilene, for appellee.

GRISSOM, Chief Justice.

J. T. Williams sued Merchants Fast Motor Lines, Inc., for damages. The court rendered judgment for the defendant, based upon the findings of a jury, and Williams has appealed.

Williams alleged that a wooden crate containing iron clevises fell out of appellee's van; that he was traveling behind the van and his automobile hit the crate and the collision caused him to be injured and his automobile damaged. He alleged appellee was guilty of negligence in permitting (1) the rear door of the van to come open, and (2) the crate to fall on the highway in front of his car and that such negligence was the proximate cause of his injury.

The jury found (1) that Williams' automobile did not collide with the box of clevises; that the driver of appellee's van (1–b) permitted its rear door to come open, and (2) a crate to fall from the van; (5) that this was not negligence, and (16) that the collision was the result of an unavoidable accident. The jury's answer to other issues acquitted appellant of contributory negligence. Still other issues were not answered because they were conditionally submitted and the answers to previous questions precluded the necessity of answering them.

Appellant presents thirty-two points asserting the court committed reversible error. The first six are as follows:

"1. The error of the Court in not declaring a mistrial because of the improper conduct of Appellee's counsel who in his argument to the jury asserted:

" 'Dr. * * * tried to impress you that he is a close bosom friend of mine. He knows better than that. * * * knows that I have no respect for him, or for any testimony that he might give in any Court, or respect for him at any time or any where else.'

"2. The error of the Court in failing to instruct the jury not to consider the improper argument of Appellee's counsel, who in his argument to the jury asserted:

" 'Dr. * * * tried to impress you that he is a close bosom friend of mine. He knows better than that. Bill * * * knows that I have no respect for him, or for any testimony that he might give in any Court, or respect for him at any time or anywhere else.'

"3. The error of the Court in failing to instruct the jury not to consider the improper argument of Appellee's counsel when he stated to the jury:

" 'Dr. * * * even went so far as to bring the hospital into it. He is trying to mislead you. He was at one time Chief of Staff out at Hendrick Memorial Hospital. He wanted to make you think that he is a big shot.'
such argument not being authorized by the record.

"4. The error of the Court in failing to instruct the jury not to consider the improper argument of Appellee's counsel who in referring to Dr. * * * stated to the jury:

" 'We brought Dr. * * * in here. He had seen and examined those X-rays. We only had that bird's word that they showed injuries.'
such scandalous attack on that physician not being authorized by the record.

"5. The error of the Court in failing to instruct the jury not to consider the improper argument of Appellee's counsel, who in referring to Dr. * * * made the statement to the jury not supported by the record that:

" 'Williams said he was in Dr. * * * waiting room an hour and a half. What did that old bird say? "Oh yes, we gave him a thorough check up. We kept him there four or five hours." '

"6. The error of the Court in failing to instruct the jury not to consider the improper argument of Appellee's counsel who in referring to Dr. * * * made the

statement to the jury not supported by the record that:

" 'In trying to impress you with what a great doctor he is, he tells you that he runs 30 to 40 patients through his clinic every day, to say nothing of his outside practice. I don't believe a word of it.'
said counsel having no right to tell that jury what he believed."

The only objection made to the argument complained of in Point 1 was "counsel has no right to make such statement out of the record about Dr. * * *." The court stated he would give appellant a bill, whereupon appellant's counsel excepted because such statement was "hurtful and prejudicial." The court qualified the bill so that it shows appellant's doctor witness voluntarily pointed to appellee's counsel and volunteered the statement that he belonged to the same church as appellee's counsel and that this was also mentioned by appellant's counsel in his opening argument. Points 1 and 2 omit the immediately preceding part of the portion of argument objected to as shown in his bill of exception, which was:

"When claiming that he and I both belonged to the same church * * *"

The argument then continued, as shown in points 1 and 2, to the effect that said doctor thus tried to impress the jury with the idea that he and appellee's counsel were close friends.

The statement of facts shows the following occurred while appellant's doctor witness was testifying:

"Appellant's counsel: Q. You are a member of the First Baptist Church there that has a connection with that hospital? A. Yes, sir; the same as * * * (appellee's counsel) and Mr. Brown (The Court Reporter).

"Appellant's Counsel: Q. You and * * * (appellee's counsel) belong to the same church there? A. Yes, sir, and Mr. Brown.

"Appellee's Counsel: I object to that, your Honor.

"Appellant's Counsel: I think maybe Judge Black (the trial judge) is in there with you all."

It is thus shown that appellant elicited from his doctor witness the fact that he was a member of a certain church. The relevancy of this matter is not readily apparent. The witness then volunteered the information that he and appellee's counsel and the court reporter were all members of the same church. When appellee objected, appellant's counsel volunteered the additional information to the jury that the trial judge was also "in there with you all."

■■■ The first part of the argument complained of in bill of exception number 1, which is the basis of point 1, was a conclusion or inference reasonably deducible from the proceedings shown and, therefore, not improper. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202, 205. Assuming that the remainder of the argument shown in bill number one was improper, reversible error is not shown. If the court had sustained the objection made, he would have, in effect, struck out some argument that was not improper. The applicable rule was stated in McClure v. Fall, Tex.Civ.App., 42 S.W.2d 821, 825, as follows:

" * * * the above-quoted argument of counsel is but a small part of certain long paragraphs of counsel's argument as objected to by the plaintiff and set out in the various bills of exceptions. The objection was to the whole of the argument as set out in each of the bills of exceptions. Some of the argument as objected to was clearly permissible. It has been held that where a part of the argument as set out in the bill is permissible and a part of it is objectionable, and the objection is made to the whole of the argument as set out in the bill, it is proper for the trial court to overrule the objection. Counsel should point out separately in the trial court the objectionable argument, in order that the trial court may instruct the jury not to consider the same. Ferguson v. Fain, Tex.Civ.App., 164 S.W. 1040, par. 5; Decatur Cotton Seed Oil Co. v. Belew, Tex.Civ.App., 178 S.W. 607, par. 8; Regester v. Lang, Tex.Civ.App., 33 S.W. 2d 230, par. 8."

■■■ The court was not requested to declare a mistrial. See Rainwater v. Mc-

Grew, 181 S.W.2d 103, 107, writ ref. Failure to declare a mistrial is the error assigned in Point 1. Nor was the court requested to instruct the jury not to consider any part of the argument. The argument was not of such nature that the error could not have been cured by an instruction not to consider it. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 243; 41 Tex.Jur. 788; Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 226, 177 S.W.2d 264; King v. Federal Underwriters Exchange, 144 Tex. 531, 533, 191 S.W.2d 855. The courts have repeatedly held that reversible error is not shown by a blanket objection to an argument, or part thereof, some of which is proper. Norwich Union Indemnity Co. v. Smith, Tex.Com. App., 12 S.W.2d 558, 561; La Grone v. Chicago, R. I. & G. R. Co., Tex.Civ.App., 189 S.W. 99, 101 writ ref.; Fort Worth & R. G. R. Co. v. Bryant, Tex.Civ.App., 210 S.W. 556, 557, writ ref.; Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813; Moore v. Parrish, Tex.Civ.App., 70 S.W.2d 315, 317, writ. dis.

In this, as in other points, the court was not requested by appellant to do the thing which he now asserts the court erred in not doing. In most points it is evident appellant did not point out to the court the specific portion of the argument deemed objectionable and the ground of objection stated was too general. See Wichita Falls, R. & Ft. W. R. Co. v. Combs, Tex.Com.App., 268 S.W. 447; City of Waco v. Rook, Tex.Civ. App., 55 S.W.2d 649; Gulf Refining Co. v. Youngblood, Tex.Civ.App., 23 S.W.2d 522; 41 Tex.Jur. 825, 826.

■ The error asserted in points 2 to 6 both inclusive, as well as some subsequent points, is that the court erred in failing to instruct the jury not to consider the argument. The court was not asked to instruct the jury not to consider said arguments. The objection in each instance was to the entire statement of appellee's counsel copied in each of appellant's bills of exception. None of said arguments was objectionable in its entirety. Point 2 is overruled for the same reasons that point 1 was overruled.

■ We shall now consider point 3. In answer to questions propounded by appellant's counsel, his doctor witness had referred to the hospital and his position with it. Appellant's pleadings and the testimony elicited by him tended to show that said doctor was very busy; that he had been Chief of Staff at said hospital; that he had a large clinic and did a tremendous business. It tended to show he was a "big shot." Point 3 is overruled.

■■ The only portion of the argument set out in point 4 that was objected to was counsel's reference to appellant's doctor witness as "that bird." The doctor who testified for appellant made the X-ray pictures in question; he testified they showed severe injuries suffered by appellant. The doctor who testified for appellee testified that the same pictures showed no injuries. While it was improper to refer to said witness as "that bird," we think such matters must be left to the discretion of the trial court and that such an appellation could not be seriously considered as sufficient to cause reversal of the judgment. Matters concerning the decorum and dignity of a trial court must be left to its sound discretion which will not be disturbed unless abuse is clearly shown.

■ The court did not err in failing to instruct the jury not to consider the argument set out in point 5. The court was not requested to so instruct the jury. Counsel did not misquote the testimony. Appellant's counsel objected because the argument was "hurtful and prejudicial" and because said doctor "didn't say four or five hours." The court's only action upon said objection was to reply that the jurors probably knew what the doctor had said.

■ The argument complained of in Point 6 was an accurate statement of the testimony. Counsel's conclusion that he did not believe the testimony of appellant's doctor as to the number of his patients was evidently his conclusion that the testimony was unbelievable because he thought it impossible for one doctor to attend to so many patients. Counsel, in argument to the jury, has a right to draw inferences or deductions from the testimony and comment thereon.

41 Tex.Jur. 772, 769; Teston v. Root, Tex. Civ.App., 95 S.W.2d 524, 526, writ ref.

■ In points 7 and 8, appellant assigns error to the action of the court in failing to instruct the jury not to consider the argument of appellant's counsel to the effect that appellant's medical witness showed them the X-ray pictures, something they couldn't read and that counsel couldn't read, and that he tried to convince the jury that "this old boy," meaning appellant, was seriously hurt, and that if appellant wanted the jury to get the testimony of "this old boy's doctor, why didn't they bring Dr. Howle." Appellant objected to the reference to appellant as "old boy" and to counsel testifying and, to the last part, that it was "hurtful and prejudicial." There was nothing improper in arguing that neither the jury nor counsel could read the X-ray pictures. It was unquestionably true that said doctor was trying to convince the jury appellant was seriously hurt. His testimony was to that effect. Counsel's statement that he didn't believe it, should not be construed as an attempt to testify but as counsel's deduction from the testimony, his medical witness having testified that the X-ray picture did not show appellant was injured. Appellee's argument that if appellant wanted the jury to get the testimony of Williams' doctor, they should have brought Dr. Howle, was not improper. There was evidence that he was the local doctor who had been treating appellant. The court was not asked to instruct the jury not to consider said argument.

Appellant's 9th point is as follows:

"9. The error of the Court in failing to instruct the jury not to consider the improper argument of appellee's counsel who attempted to testify to the contrary of facts undisputed in the record when he stated to the jury:

" 'He claims he went to a tent show, and then ate in a cafe, and after midnight started to Abilene to see his married daughter, when he ran into this box. I tell you that he didn't hit this box of iron clevises at all. I tell you that he came along and picked up this box long after it had been dropped out of the van, and that it didn't injure him at all.' "

■ The first sentence of the argument complained of is an accurate statement of appellant's testimony. The remainder was a deduction from the evidence that counsel was authorized to make. It was plainly appellee's contention that appellant did not hit the box; that he picked it up on the highway where it had dropped from the van; that he did not collide with it and was not injured by the crate being on the highway. The bill was qualified by the court and accepted by appellant. As qualified, it shows that the crate containing the clevises was before the jury at the time the case was argued; that other counsel referred to the crate, which was in the presence of the jury and introduced in evidence, and pointed to it and turned it over in the presence of the jury. The statement of facts discloses it was picked up by appellant's counsel and medical witness and handled in the presence of the jury. If this wooden crate did not bear evidence of having been struck by an automobile in the manner described by appellant, appellee's counsel had the right to so conclude and argue to the jury. The objection made was that appellant's counsel was attempting to testify and that it was undisputed that plaintiff's car hit the box. It was not subject to such objection. We do not think that the bill shows an attempt of counsel to testify, but merely his deduction from the evidence before the jury. Appellant's testimony that he struck the crate with his car did not conclusively establish that fact. Simmonds v. St. Louis, Brownsville & Mexico R. Co., 127 Tex. 23, 27, 91 S.W.2d 332. Counsel had the right to urge, and the jury to find, from the evidence, including the condition of the box and testimony of appellee's doctor, that appellant's automobile did not hit the crate of clevises and that he was not injured.

We think the court did not err in amending its charge or in refusing to grant a new trial on the ground that the jury's answer to Issue 1, that appellant's automobile did not hit the crate, was contrary to the undisputed evidence or that said answer was not supported by the evidence, as appellant contends. Simmonds v. St. Louis, Brownsville & Mexico R. Co., supra.

■ Points 23, 24 and 25, in which appellant contends the court erred in refusing

313

to grant a new trial because the answer of the jury to Issue 16, that "it was the result of an unavoidable accident," is unsupported by and contrary to the undisputed evidence, are overruled. The fact that it was the duty of the driver of appellee's van to keep its rear doors closed while driving on the highway does not compel the conclusion that appellee was guilty of negligence because the door came open. If the testimony of said driver is believed, every reasonable precaution was taken to keep the door closed and the reason for its opening is unaccounted for. However, regardless of what answer was made to Issue 16, the jury's finding that appellant did not hit the crate and that appellee was not negligent, compelled rendition of a judgment for appellee.

▮▮▮ Appellant's 10th point is that the court erred in failing to instruct the jury not to consider the following argument:

"Now, take Question No. 16. Appellant's counsel would like for you to pass that question up. Of course, the rear door of the van did come open and this box did fall out, but I tell you that it doesn't weigh 75 pounds and Jack York didn't know it fell out. Unavoidable accident means an unexpected occurrence. Jack York didn't expect it to fall out, and this old boy didn't expect it to fall out, and you know and I know that it was an unexpected occurrence, and you will have to find that it was the result of an unavoidable accident."

The objection made was directed only to the statement by appellant's counsel as to what the box weighed and as to what unavoidable accident meant. In connection with such objection, appellant's counsel stated, "I think the box weighs 150 pounds." The court instructed the jury not to consider the remarks of the attorneys about what the box weighed. The box was before the jury; it was not likely that they were impressed by the guesses of respective counsel as to its weight. In any event, they were instructed not to consider such remarks, which had the effect of curing the error, if any. 41 Tex.Jur. 830. The record does not show, as appellant contends in his brief, that the court was requested to in-

struct the jury not to consider the argument. Failure to so instruct is the error assigned. Counsel's argument, though not a complete statement of the meaning of an unavoidable accident, was not in conflict with the court's instruction and appellant's counsel had the opportunity to answer same and again point out the complete definition set forth in the charge.

▮▮▮ Appellant's 11th point asserts reversible error was committed by statements made by the court relative to waiting on appellant's doctor witness. The bill upon which the point is based shows a qualification to the effect that none of the transaction complained of happened in the presence of the jury. Therefore, if the court made the remarks attributed to it, they could not have injured appellant. In his argument under said point, appellant says that the qualification of the bill is incorrect and that some of the remarks were made in the presence of the jury. Appellant accepted the bill with the qualification that none of the transaction happened in the presence of the jury. The Commission of Appeals, in an opinion adopted by the Supreme Court in Lowrimore et al. v. Sanders et al., 129 Tex. 563, 103 S.W.2d 739, 740, said:

"This bill with the annexed qualification was accepted as true and correct by counsel for defendant in the trial court and by them filed. That defendant is therefore bound by same has been too ofttimes decided to need any discussion."

See also San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S.W. 116, 118, and United Fidelity Life Ins. Co. v. Handley, Tex.Civ.App., 53 S.W.2d 833, 835, affirmed 126 Tex. 147, 86 S.W.2d 201.

Having accepted and filed the bill as qualified, appellant is bound thereby.

▮▮▮ Appellant, in his 13th point, complains that after the jury retired to consider its verdict, it sent word to the court that it wanted to ask the court a question; that the court replied it could not answer any question unless the jury put it in writing; that no question was presented in writing; that the jury retired at about 11:40 and at 12:10 o'clock, the jury brought its verdict into court. The exception to this proceeding as shown by the bill is "plaintiff excepts

to same (the verdict) upon the ground that the jury did not have time to give due consideration to the numerous special issues submitted to it by the court, and that the verdict of said jury was based on prejudice against the plaintiff * * *." Clearly, the grounds of exception stated have no relation to the action of the court in refusing to hear or answer some unknown question, unless put in writing. R.C.P. 285 provides that the jury may communicate with the court either verbally or in writing. But said rule and R.C.P. 286 provide that a communication or request for "further instructions" shall be in writing. Whether the jury wanted "further instructions" is not shown. There is no indication in the record that the jury did not have all the time it desired to reach a verdict.

The 14th point assigns error to the action of the court in stating to counsel that the court would like to save time for the jury and asking whether thirty minutes to each side for argument would be agreeable. Appellant says the court's statement forced appellant's counsel to ask for more time and thereby prejudiced plaintiff's case before the jury and led it to believe that appellant's counsel "was inflicting them with unnecessary argument." The bill, as qualified and accepted by appellant, shows that when appellant requested more time the court promptly granted the request and told appellant's counsel to use all the time he wished. Clearly, this does not manifest reversible error.

Appellant's 31st and 32nd points assert error of the court in permitting appellee to ask appellant if he had been divorced and to prove by appellant that his divorced wife accompanied him to Buffalo Gap for treatment by a chiropractor.

The jury already knew from appellant's testimony that he was not staying with his wife. He had testified that on the night of the alleged collision he was going to Abilene to stay with his daughter. Appellant had previously testified without objection that he was the father of a boy and girl and that he was not married at the time he was testifying. He testified without objection that he lived in Coleman before moving to Albany; that he lived on a farm there with his wife and children; that while he was living at Coleman, when he would drive his tractor for a long time, he would have his wife rub his back with linament. Thus it appears that testimony that he had been divorced probably added nothing to the information the jury already had. When asked if he was divorced from his wife, objection was made and sustained. Thereafter, appellant testified, without objection, that Mrs. Leona Williams, who went with him to Buffalo Gap for treatment, was formerly his wife. Subsequently, on re-direct examination by his own counsel, appellant was asked:

"Q. Truman, counsel asked you if the wife, from whom you are divorced, didn't go with you to Buffalo Gap, the time you went down there to see that Chiropractor; although you are divorced, tell the jury whether or not you and your wife are on friendly terms, your former wife?"

He answered:

"Yes, sir. We are." This does not show reversible error.

Some of appellant's points are to the effect that the court erred in refusing to grant his motion for a new trial because, he contends, the evidence shows conclusively that his automobile did collide with the crate of clevises and because the jury's answer to Issue 3, that the driver of appellee's van was not guilty of negligence in permitting the rear door to come open, is contrary to the undisputed evidence, and the like. These were questions of fact for the jury to determine. All of appellant's points have been carefully considered and are overruled.

The judgment is affirmed.