**TEXAS & P. RY. CO. v. YOUNGER.**

No. 15452.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1953.

Rehearing Denied Dec. 4, 1953.

Samuels, Brown, Herman & Scott and William D. Campbell, Fort Worth, for appellant.

Davis, Spurlock & Schattman, and Joe Spurlock, Fort Worth, for appellee.

BOYD, Justice.

· This is a suit by appellee C. B. Younger, under the Federal Employers' Liability Act, sections 51–60, Title 45, United States Code Annotated, against appellant the Texas and Pacific Railway Company for damages for personal injuries alleged to have been sustained by appellee while working as a brakeman for appellant. Judgment was

rendered for appellee for $17,875, and the company appealed.

Appellee alleged that he sustained personal injuries when a boxcar door fell on him as he and another brakeman were attempting to open the door for the purpose of unloading materials that had been transported in the boxcar; that his injuries were "proximately caused, in whole or in part, by the negligence" of appellant and that such negligence was "the proximate cause, in whole or in part," of appellee's injuries; that the boxcar door was not in safe condition; that the hinges of the door were old, worn, defective and out of repair; that appellant failed to make a reasonable and proper inspection of the boxcar door; failed to advise appellee of the condition of the door and its parts and appurtenances; and failed to furnish appellee with safe equipment with which to do his work. The petition gave notice that appellee desired not to be limited to the specific acts of negligence set out therein, and there were general allegations of negligence on the part of appellant to the effect that the boxcar and door were in the exclusive possession and under the exclusive management and control of appellant; that the door would not have fallen and appellee would not have been injured had appellant exercised ordinary care, and that appellee could not point out the exact defect or defects or exactly what caused the door to fall, and that such information was in the exclusive possession of or available to appellant, and that in this connection appellant was "guilty of negligence which proximately caused, in whole or in part," the injuries sustained by appellee, and appellee specifically invoked the doctrine of res ipsa loquitur.

The jury found that the door was defective; that the defective condition of the door was negligence; that the appellant failed to make a proper and reasonable inspection of the door, and such failure was negligence; that appellant knew, or by the exercise of ordinary care should have known, prior to the accident, that the door was defective; that appellant failed to advise appellee of any defect in the door, and such failure was negligence; that each of such acts of negligence was a proximate cause, in whole or in part, of appellee's injuries; and that appellee was not negligent in any of the particulars inquired about.

Appellant's points of error involve the propositions that the court erred in including in the "proximate cause" issues the words "in whole or in part," as follows: "Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause in whole or in part of the injuries, if any, sustained by the plaintiff?"; that the evidence was insufficient to sustain the jury's findings as to such negligence and proximate cause; that the court erred in overruling its objections to the argument of appellee's counsel; and that the verdict is excessive.

Section 51 of the Federal Employers' Liability Act provides that a railroad shall be liable in damages to any person suffering injury while he is employed by such carrier in interstate commerce, if the injury results, in whole or in part, from the negligence of any employee of the carrier or by reason of any defect or insufficiency, due to its negligence, in its cars or other equipment.

Appellant objected that the use of the words "in whole or in part" in the "proximate cause" issues destroyed or diminished the court's prior definition of proximate cause and in effect told the jury that they were authorized to answer the issues favorably to appellee if they believed that the negligence inquired about was only in part a proximate cause of the injuries.

Whether it was error to include in the proximate cause issues the words "in whole or in part," which is a departure from the conventional and traditional manner of submitting such issues, raises a question that so far as investigation by counsel and ourselves reveals has never before been presented to any court. In the disposition of this interesting and important question we are controlled entirely by the Federal statute and adjudications by the Federal courts. While suits under the Federal Employers' Liability Act may be maintained in appropriate courts of any state, we are dealing with rights afforded the parties by

the laws of the United States and not by state laws. Mondou v. New York, N. H. & H. R. Co., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327; Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833; Seaboard Air Line Railway v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062; Chesapeake & O. R. Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157.

 No substantive right of any party to such suits may be impaired by any local statute, rule of decision, or forms of local practice. Davis v. Wechsler, 263 U.S. 22, 44 S.Ct. 13, 68 L.Ed. 143; Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745; Brady v. Southern R. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Chesapeake & O. R. Co. v. Stapleton, 279 U.S. 587, 49 S.Ct. 442, 73 L.Ed. 861. This immunity extends to the pleadings, and a state's rule that a pleading will be construed strictly against the pleader has no application in a suit in the state court under this Act. Brown v. Western Ry. of Alabama, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100. And what constitutes negligence for the statute's purposes is a federal question, and it does not vary in accordance with different conceptions of negligence under state laws, and we are governed by federal decisional law in formulating the concept of negligence. Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398; Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282.

 As to allegations of negligence and proximate cause, a complaint substantially in the language of the statute is sufficient. Southern Ry. Co. v. Peters, 194 Ala. 94, 69 So. 611; Lewis v. Denver & R. G. R. Co., 131 Minn. 122, 154 N.W. 945. It has been held that the complaint need not allege that the plaintiff's injury was proximately caused by the negligent act, or that the injury proximately resulted therefrom, when the language of the statute is used, because the statute does not so express it; and that where the complaint alleged that the injury was "caused from and resulted in whole or in part from said defect in the appliances", it was not subject to demurrer on the ground that it did not allege "that the de-

fect proximately contributed in whole or in part to plaintiff's injury." Alabama Great Southern R. Co. v. Smith, 256 Ala. 220, 54 So.2d 453, 458. See also Reynolds v. Atlantic Coast Line R. Co., 251 Ala. 27, 36 So. 2d 102. It is sufficient to say that the defendant was guilty of negligence "contributing to plaintiff's injuries". Lock v. Chicago, B. & Q. R. Co., 281 Mo. 532, 219 S.W. 919, 922. If the injury results in whole or in part from the negligence of another employee, the railroad is liable under the express terms of the act. Illinois Cent. R. Co. v. Skaggs, 240 U.S. 66, 36 S.Ct. 249, 60 L. Ed. 528; Chesapeake & O. R. Co. v. Stapleton, supra.

In Eglsaer v. Scandrett, 7 Cir., 151 F.2d 562, 565, the court said: "Perhaps the reconciliation of the earlier accepted, * * * idea, of 'proximate cause' as the direct or efficient cause of the accident * * * and the conception of proximate cause which now obtains, is to be found in the enlarging phrase of the statute. It provides that if the railroad's negligence 'in part' results in the injuries or death, liability arises. Under the old concept of proximate cause, that cause must have been direct, the complete, the responsible, the efficient cause of the injury. Contributing and remotely related causes were not sufficient. Now, if the negligence of the railroad has 'causal relation,'—if the injury or death resulted 'in part' from defendants' negligence, there is liability.

"The words 'in part' have enlarged the field or scope of proximate causes—in these railroad injury cases. * * *"

"* * * It seems that it would have been an incorrect statement of the law to have advised the jury that before they could find for plaintiff they must find that negligently permitting the steam to escape was the proximate cause, for the reason that it might have been only partly the cause, and still the plaintiff be entitled to recover. * * *" St. Louis & S. F. R. Co. v. Bateman, 112 Okl. 86, 240 P. 110, 112. An instruction that if the defect complained of "contributed to cause" the injury defendant would be liable, was approved in

Wolfe v. Payne, 294 Mo. 170, 241 S.W. 915, 917; affirmed Davis v. Wolfe, 263 U.S. 239, 44 S.Ct. 64, 68 L.Ed. 284; and the court said: " * * * it was sufficient that plaintiff prove the existence of the defective grabiron and that it was in part the cause of plaintiff's injury. * * *"

█ In the instant case, the court defined proximate cause as " * * * a cause which in a natural and continuous sequence, unbroken by any new and independent cause, produces an event and without which the event would not have happened; and for an act or omission to become a proximate cause of an injury, it must have been reasonably anticipated by a reasonably prudent person, in the exercise of ordinary care, that such injury or some similar injury would follow as a natural consequence. There may be more than one proximate cause of an event." We do not believe that the inclusion of the words "in whole or in part" detracted from such definition. It would seem that to require a finding that an act "was a proximate cause, in whole, or in part, of plaintiff's injury," placed at least as great a burden on the plaintiff as to require a finding that an act or omission "contributed to cause" the injury, or that it "was in part the cause" of the injury, or that the injury, was "caused from and resulted in whole or in part from" the act, or that the injury "resulted in whole or in part from" the act, or that the act "contributed to" the injury, or that it was "partly the cause" of the injury.

It is our opinion that the court did not err to the prejudice of appellant in submitting the proximate cause issues in the form in which they were submitted. We are not to be understood, however, as holding that such submission would be proper in cases controlled by the law of this state.

The character and amount of evidence required to establish negligence in a suit under the Federal Employers' Liability Act is not subject to the control of the states in whose courts such suits are tried, and therefore whether there is an issue for the jury is a federal question. Chicago, M. & St. P. R. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041; Chesapeake & O. R. Co. v. Stapleton, supra; Chesapeake & O. R. Co. v. De Atley, 241 U.S. 310, 36 S. Ct. 564, 60 L.Ed. 1016.

It was shown that appellee and another brakeman were trying to open the door of the boxcar for the purpose of unloading materials when the door fell, striking appellee across the neck and shoulder. The door was suspended from the top by pulleys or hooks over an iron rail, and was to be opened by being pushed back along the side of the car, with the pulleys running or the hooks sliding over the rail. On the occasion in question, the door had sagged some half inch or more, and appellee was lifting up on the bottom of the door so the other brakeman could lift the latch out of the hasp when the top of the door came loose from the car and fell on appellee, inflicting the injuries complained of. The door was about eight feet by nine feet in dimensions, and was "very heavy," one witness estimating its weight from 350 to 400 pounds. Unquestionably, the car and the door were in the exclusive control of appellant. No evidence was offered by appellant as to the condition of the boxcar door.

The jury found that the door was defective and that its defective condition was negligence and that such negligence was a proximate cause, in whole or in part, of plaintiff's injuries.

" * * * But, while the naked fact that an accident has happened may be no evidence of negligence, yet the character of the accident and the circumstances in proof attending it may be such as to lead reasonably to the belief that, without negligence, it would not have occurred. [Texas & St. L.] Railway Co. v. Suggs, 62 Tex. 323. 'Where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of care.' * * *" Washington v. Missouri, K. & T. Ry. Co., 90 Tex. 314, 38 S.W. 764, 765.

In San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 401, 56 L. Ed. 680, the. rule is expressed in these words: "* * * when a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care. * * *" In Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 417, 57 L.Ed. 815, the court said: "* * * there is a class of cases where the circumstances of the occurrence that has caused the injury are of a character to give ground for a reasonable inference that if due care had been employed by the party charged with care in the premises, the thing that happened amiss would not have happened. * * *"

In Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, the court held that a verdict for plaintiff for the death of the brakeman, who was thrown from a car which was derailed while being moved from one track to another after he had thrown the switch and signaled the engineer to move the cars, may rest upon the inference of defendant's negligence arising from the circumstances, notwithstanding such circumstances include the activities of the brakeman himself, where the jury finds him free from contributory negligence.

■ In such cases the facts of an occurrence may support a finding of negligence but do not compel such a finding; they may furnish circumstantial evidence of negligence when direct evidence is lacking; they may call for an explanation but not require it; they may make a case for a jury verdict but they do not forestall a verdict. Western Transp. Co. v. Downer, 11 Wall. 129, 20 L.Ed. 160; Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 11 S. Ct. 653, 35 L.Ed. 270; Southern Railway-Carolina Division v. Bennett, 223 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860; George Foltis, Inc., v. City of New York, 287 N.Y. 108, 38 N.E.2d 455, 153 A.L.R. 1122; White v. Hines, 182 N.C. 275, 109 S.E. 31; Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Rogers v. Coca Cola Bottling Co., Tex.Civ.App., 156 S.W.2d 325; Nashville, C. & St. L. Ry. Co. v. York, 6 Cir., 127 F.2d 606; Blanton v. Great Atlantic & Pacific Tea Co., 5 Cir., 61 F.2d 427, certiorari denied, 288 U.S. 609, 53 S.Ct. 405, 77 L.Ed. 984; Cochran v. Pittsburgh & L. E. R. Co., D.C., 31 F.2d 769; Sweeting v. Pennsylvania R. Co., 3 Cir., 142 F.2d 611; White v. Pinney, 99 Utah 484, 108 P. 2d 249; Louisville & N. R. Co. v. Glick, 214 Ala. 303, 107. So. 453; Druzanich v. Criley, 19 Cal.2d 439, 122 P.2d 53; Sinkovitz v. Peters Land Co., 5 Ga.App. 788, 64 S.E. 93; Thompson v. Brown, Tex.Civ. App., 222 S.W.2d 442; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; McCray v. Galveston, H. & S. A. Ry. Co., 89 Tex. 168, 34 S.W. 95; Barnowski v. Helson, 89 Mich. 523, 50 N. W. 989, 15 L.R.A. 33.

In Southwestern Telegraph & Telephone Co. v. Sheppard, Tex.Civ.App., 189 S.W. 799, 800, writ refused, where recovery was allowed for injuries sustained by plaintiff when struck by a screen which fell from the fourth story of a building owned by the defendant, which building the plaintiff was about to enter to discharge her duties as an employee of the defendant, the court said: "It would be singular indeed, if a pedestrian on a sidewalk is struck by a falling screen, that the owner of the building from which it fell would not be liable for the injuries resulting from such blow, without direct proof of the negligent manner in which the screen was fastened to the house. Proof that the screen fell would proclaim the fact in unmistakable terms that the screen was insecurely fastened, and the burden rested on appellant to show that it was not negligently fastened, and that the fall occurred from other cause. It is well known that screens do not usually fall from windows, and proof of such fall would raise a presumption of negligence on the part of the owner. The fact that the screen was not securely fastened, not only appeared from the fall, but from the fact

that after the accident appellant fixed the screens in its building so that they could not fall. The circumstances surrounding the fall of the screen lead inevitably to the inference that a screen securely fastened will not fall, and the one in question fell. The burden of disproving its negligence in fastening the screen devolved on appellant. The facts in this case lead inevitably to the conclusion that the screen fell because insecurely fastened. * * *"

"* * * the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury. * * Once there is a reasonable basis in the record for concluding that there was negligence which caused the injury, it is irrelevant that fair-minded men might reach a different conclusion. For then it would be an invasion of the jury's function for an appellate court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. * * *" Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S. Ct. 598, 600, 91 L.Ed. 572.

■ Under the above cited authorities, we believe that the evidence was sufficient to warrant the jury's finding that the boxcar door was defective and that such defective condition was due to appellant's failure to exercise ordinary care.

■ The argument complained of is set out in the bill of exception. The ground of objection was that the argument was outside the record. The court nowhere certifies that it was so. A very casual inspection of the statement of facts will disclose that most of the quoted argument was a substantially correct statement of the testimony. Some of it may not have been justified by the record. In Williams v. Merchants Fast Motor Lines, Tex.Civ.App., 214 S.W.2d 307, 311, it is said: "* * * The courts have repeatedly held that reversible error is not shown by a blanket objection to an argument, or part thereof, some of which is proper. Norwich Union Indemnity Co. v. Smith, Tex.Com.App., 12 S.W.2d 558, 561; La Grone v. Chicago, R. I. & G. R. Co., Tex.Civ.App., 189 S.W. 99, 101, writ ref.; Fort Worth & R. G. R. Co. v. Bryant, Tex.Civ.App., 210 S.W. 556, 557, writ ref.; Holt v. Collins, Tex.Civ.App., 131 S.W.2d 813; Moore v. Parrish, Tex. Civ.App., 70 S.W.2d 315, 317, writ dis." See also McClure v. Fall, Tex.Civ.App., 42 S.W.2d 821; Ferguson v. Fain, Tex.Civ. App., 164 S.W. 1040; Decatur Cotton Seed Oil Co. v. Belew, Tex.Civ.App., 178 S.W. 607, writ refused; and Corrigan v. Heard, Tex.Civ.App., 225 S.W.2d 446. This point is overruled.

■ Appellant's final point is that the verdict is excessive. A physician testified that it was his opinion that appellee was permanently incapacitated from performing his duties as a brakeman. Appellee had been "railroading" nearly all the time for thirty-two years. At the time of the accident he was earning about $2,500 per year, and had a life expectancy of more than fifteen years. Appellee testified that his injuries caused and were still causing excruciating pain. This evidence was corroborated by the physician. The court permitted the jury to consider appellee's diminished earning capacity and his physical and mental pain. Diminished earning capacity is not readily susceptible of precise measurement. What will fairly compensate for physical and mental pain is much less so. We are not prepared to say that the amount fixed by the jury is excessive.

Finding no error in the record, the judgment is affirmed.